# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES DANTE PATTERSON | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-19-611 |
| GAIL WATTS, *et al.* | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

The above-entitled Petition for Writ of Habeas Corpus was supplemented on April 4, 2019, pursuant to this Court's Order directing Petitioner Charles Dante Patterson to provide more detail regarding the conviction he is attempting to challenge. ECF 3 and 4. Patterson has now made clear that he is a pre-trial detainee and seeks to challenge decisions by the Baltimore County Circuit Court governing pre-trial motions made in his ongoing criminal prosecution. ECF 4 at p. 5. Because Patterson appears indigent his motions to proceed in forma pauperis (ECF 2 and 5) shall be granted.

Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Where, as here, there has been no merits trial and no appellate review for Patterson's claims concerning violations of Maryland state procedural rules, evidentiary matters, and motions to suppress (ECF 4 at pp. 5-6), there remain avenues for Patterson to assert his claims without harm to his constitutional rights. In short, there is no allegation that if Patterson stands trial, his constitutional rights will go unprotected without this court's intervention. The petition, which is premature, must be dismissed without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Patterson fails to meet this standard and a certificate of appealability shall not issue.

2

A separate order follows.

Dated this ___1___ day of May, 2019.

FOR THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge